626 So.2d 433 (1993)
In re Appeal of CHASE MANHATTAN LEASING CORP.
No. 93-CA-0009.
Court of Appeal of Louisiana, Fourth Circuit.
October 28, 1993.
Writ Denied January 28, 1994.
Stone, Pigman, Walther, Wittmann & Hutchinson, Judy Y. Barrasso, John W. Borkowski, New Orleans, for plaintiff-appellee Chase Manhattan Leasing Corp.
Gregory D. Guth, Deputy City Atty., Brett Prendergast, Chief of Civil Litigation, Kathy Torregano, Chief Deputy City Atty., Dan Zimmerman, Chief Deputy City Atty., William D. Aaron, Jr., City Atty., New Orleans, for defendant-appellant City of New Orleans.
Vyrona M. Wiltz, Krotz Springs, for defendant-appellant.
Before KLEES, ARMSTRONG and JONES, JJ.
KLEES, Judge.
Defendant appeals the Civil District Court decision granting summary judgment to plaintiff. After reviewing the record and applicable law, we affirm.
The Louisiana Stadium and Exposition District (LSED), a political subdivision of the State and owner of the Superdome, and Facility Management of Louisiana (FML), a private company hired by the State to manage the daily operations of the Superdome, needed to replace the Superdome's old scoreboard and signage system before the 1986 Superbowl. Having neither the time nor the money to effect an outright purchase of the new system, LSED and FML granted the contractor, American Sign and Indicator Corporation (ASI), the right to lease advertising space on the system. In return, ASI agreed to make annual payments to FML and to grant FML an option to purchase the system at the expiration of their agreement. FML assigned its purchase option to LSED. ASI was notified of LSED's intention to exercise that option.
Chase was interposed in the transaction to advance funds to ASI and the other manufacturer, Diamond Vision, for the purchase of the system. Pursuant to the financing agreement, Chase took title to the system to secure its interest. Chase then leased the system to BRAE Media, a corporation formed solely for such purpose.
The Louisiana Tax Commission denied plaintiff, Chase Manhattan Leasing Corporation, *434 a refund of $153,542.72 in ad valorem taxes Chase claimed it had erroneously paid on the system. On appeal, the Civil District Court granted summary judgment in favor of Chase. The defendant, City of New Orleans, appeals to this court requesting reversal of the summary judgment.
In Louisiana, the substance of a transaction generally prevails over the form, and designing a sale to appear in form as a lease does not alter the true nature of the transaction. Louisiana Power & Light Co. v. Parish School Board of St. Charles, 597 So.2d 578, 588 (La.App. 5th Cir.), writ denied, 604 So.2d 1316 (1992). In the instant case, the transaction is actually a financed sale designed to allow LSED to acquire the system by circumventing the bond process. The transaction will be a sale in form when LSED exercises the purchase option it now holds.
Public property used for a public purpose is exempt from ad valorem taxation. La. Const. art. 7, § 21 (1974). Since LSED has effectively acquired the system through a financing arrangement, the system is public property. In addition, the Superdome scoreboard and signage system is constantly used for public purposes. Given the above, ad valorem taxes do not apply.
Chase also prevails under La.Civ. Code art. 493.1. The article states that component parts of an immovable belong to the owner of the immovable. Under Equibank v. U.S.I.R.S., a thing is a component part if either of the paragraphs of La.Civ.Code art. 466 are satisfied. 749 F.2d 1176 (5th Cir. 1985). In the instant case, the requirements of both paragraphs are met.
La.Civ.Code art. 466 provides:
Things permanently attached to a building or other construction, such as plumbing, heating, cooling, electrical or other installations, are its component parts.
Things are considered permanently attached if they cannot be removed without substantial damage to themselves or to the immovable to which they are attached.
Following the Equibank rationale, the first paragraph of the article is satisfied because the system qualifies as an "electrical or other installation" which is permanently attached to the Superdome. id at 1179. The system accesses the Superdome's electrical energy source through the interior wiring of the building. Furthermore, the system is connected to the Superdome structure by welds, concrete, and steel attachments.
The second paragraph of La.Civ.Code art. 466 is also satisfied. Removing the scoreboard and signage system would probably cause substantial damage to both the system and the Superdome. Attachments would have to be dislodged from concrete and from the building itself. Therefore, the system is a component part of the Superdome and is public property exempt from ad valorem taxation.
For the foregoing reasons, no genuine issue of material fact exists, and the judgment of November 18, 1992, granting Chase summary judgment is affirmed.
AFFIRMED.